UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    NOT FOR PUBLICATION

In re:                                                              Chapter 11

824 SOUTH EAST BOULEVARD REALTY, INC.,                              Case No. 11-15728 (ALG)

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF DECISION AND ORDER**

**ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE**

**Introduction**

824 South East Boulevard Realty, Inc. (the "Debtor") has moved for an order compelling New York National Bank to release funds to the Debtor's principal, Rodolfo Murcia, pursuant to § 105 of the Bankruptcy Code. Murcia asserts that the funds at issue belong to him, but are being held in escrow as a result of a judgment against the Debtor in a state court proceeding. Because the motion is procedurally defective and this Court cannot grant the requested relief in any event, the motion for turnover of the funds must be denied.

**Facts**

The following facts are taken from the Debtor's papers and the docket and, for purposes of this motion, are not in dispute.

The Debtor filed for bankruptcy on December 14, 2011, listing two properties in its petition. The first property, located at 824 Southern Boulevard, Bronx, New York 10459, is an apartment building with 58 rental apartment units currently under the control of a state court-

1

appointed receiver. The second property, located at 1129 Virginia Avenue, Bronx, New York 10472, is a vacant two-family home (the "Virginia Avenue Property").

On March 5, 2008, a judgment of $21,000,000 in damages was awarded to certain plaintiffs in a personal injury lawsuit against the Debtor in the Supreme Court of New York, Bronx County (the "State Court"). On May 1, 2008, the State Court entered an order prohibiting the Debtor from transferring or mortgaging any of its property or taking any other action that could potentially damage the plaintiffs' ability to levy on the property in an effort to satisfy the judgment. The order specifically imposed the same restrictions on Murcia with respect to his personal property. Approximately seven weeks later, on June 23, 2008, Murcia took out a reverse mortgage loan on his personal residence secured by his equity in the residence. The State Court subsequently found that the reverse mortgage had violated the terms of the May 1 order and ordered New York National Bank to restrain Murcia's bank account containing the proceeds of the reverse mortgage pending further order of the Court. The funds have remained in escrow since 2008, and the State Court has twice denied Murcia's request for relief.

The Debtor now asks this Court for an order compelling New York National Bank to turn over the funds in Murcia's account to him, pursuant to § 105 of the Bankruptcy Code, assertedly for Murcia to use in connection with the Debtor's reorganization. At oral argument on this motion, the Debtor acknowledged that Murcia had sought to have the order restraining his funds vacated in State Court on at least two occasions without success. The Debtor asserts, however, that turnover of the funds is necessary to pay for repairs on the Virginia Avenue Property, including renovations to the roof, floor, and boiler, so that the two vacant apartments can be relet to produce income for the Debtor. The Debtor also asserts that a portion of the funds will be used to pay tax liens and administrative expenses in this bankruptcy case, including counsel fees.

According to the Debtor's affidavit of service, all parties in interest have been served with notice of the motion. Although no papers have been filed in opposition to the motion, it must be denied for lack of jurisdiction to enter it.

## Discussion

As an initial matter, the motion before the court is procedurally deficient because the issues raised should be brought through an adversary proceeding rather than through a motion.[1] Although this procedural defect might be deemed waived by virtue of the failure of any party to raise it, there is a far more serious defect that the Court is required to raise on its own motion. Even if the motion were procedurally sound, the Debtor would still have to establish that this Court has jurisdiction to compel turnover of the funds to Murcia. Although 11 U.S.C. § 105(a) allows the bankruptcy court to issue any order "that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, relief under § 105 cannot be granted where the court lacks jurisdiction to enter requested relief. *In re Combustion Eng'g, Inc.,* 391 F.3d 190, 236 (3d Cir. 2004).

Pursuant to 28 U.S.C. § 1334(b), the district courts (and, by reference, the bankruptcy courts) have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Bankruptcy jurisdiction is appropriate over "third-party non-debtor claims that directly affect the *res* of the bankruptcy estate." *In re Quigley Co.*, 2012 U.S. App. LEXIS 7167, at *21 (2d Cir. April 10, 2012), quoting *In re Johns-Manville Corp.*, 517 F.3d 52, 66 (2d Cir. 2008). If the funds at issue were the Debtor's, or if Murcia were

---

[1] Part VII of the Federal Rules of Bankruptcy Procedure governs adversary proceedings, which are defined as including "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002." Fed. R. Bankr. P. 7001(1). Here, the Debtor is seeking to recover money from a third party in a proceeding that does not fall within one of Rule 7001(1)'s specified exceptions, but the Debtor has not filed an adversary proceeding. This procedural defect provides an independent basis for denying the Debtor's motion. *In re Borowiec*, 396 B.R. 598, 600 (Bankr. W.D.N.Y. 2008).

in a bankruptcy case himself, the Court would clearly have jurisdiction to grant relief. Bankruptcy courts have also entered orders under § 105 restraining creditors of the estate from pursuing actions against the principals of a debtor or from executing on the principal's property, on the ground that the property was necessary for a reorganization of the debtor or interfered with the ability of management of the debtor to exercise duties as debtor in possession. *See, e.g.*, *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986) (affirming injunction of third-party actions against debtor's officers who might be entitled to indemnification under debtor's insurance policies); *In re Brentano's*, 27 B.R. 90 (Bankr. S.D.N.Y. 1983) (enjoining collection action against non-debtor guarantor of debtor). However, it is a different matter for a third party not in bankruptcy to assert that bankruptcy jurisdiction exists to allow him to obtain an order requiring another third party to turn over property, merely on the assertion that the property will be used for the benefit of the estate.

      The Debtor cites no authority that this Court can order turnover of non-estate property to a non-debtor under such circumstances, nor has this Court found any. *Compare* 11 U.S.C. § 542 (generally providing for turnover of property *of the estate* to the trustee). In its motion papers, the Debtor does not address jurisdiction at all; it only argues that the use of Murcia's funds is necessary to reorganize the Debtor and denial of the motion will cause the Debtor irreparable harm. Although irreparable harm to the bankruptcy estate is necessary for injunctive relief under § 105, *In re Lazarus Burman Assocs.*, 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993), it is not sufficient by itself, as section 105(a) "does not provide an independent source of federal subject matter jurisdiction." *Combustion Eng'g*, 391 F.3d at 225. In *In re Combustion Engineering*, the Third Circuit held that the allegation that property held by a third party was necessary to fund a plan of reorganization was insufficient to support related-to bankruptcy jurisdiction over suits

4

against the non-debtor. *Id.* at 228. The Court said, "[I]f that were [sufficient], a debtor could create subject matter jurisdiction over any non-debtor third-party by structuring a plan in such a way that it depended upon third-party contributions." *Id.*

It also bears noting that the Debtor could not refashion its argument and assert that it is merely seeking an order restraining third parties from interfering with Murcia's use of his property, to the Debtor's disadvantage. Under the circumstances of this case, the Debtor is attempting to do much more, particularly as the funds at issue are held in escrow by order of the State Court. Courts generally refrain from disturbing funds that are held in *custodia legis* by order of other courts of competent jurisdiction. *See, e.g.*, *Clarkson Co. v. Shaheen*, 716 F.2d 126, 129-130 (2d Cir. N.Y. 1983). Here the State Court has frozen the funds at issue and has expressly refused to disturb that order, and the State Court's order is not voided or superseded by any provision of the Bankruptcy Code. Under the circumstances, the relief sought by the Debtor is outside the power of this Court.

## Conclusion

For the reasons set forth above, the Debtor's motion to compel New York National Bank to release funds to Debtor's principal is denied.

IT IS SO ORDERED.

Dated: New York, New York
April 19, 2012

*/s/ Allan L. Gropper*
UNITED STATES BANKRUPTCY JUDGE

5